HUGHES, J.,
dissents and would grant the writ.
Louisiana Civil Code article 1305 provides;. ■
When one of the- heirs has enjoyed the whole or part of the succession separately, or all the coheirs have possessed separately each a portion of the hereditary effects, he or they who have thus separately possessed, can successfully .oppose the suit for a partition of the effects of the succession, if their possession has continued thirty years without interruption,
In this case the trial. court ■ rendered judgment in favor of the applieants/inter- *30 venors, finding that they had each carried their burden of proof to show adverse possession of their respective homesteads. Specifically, the trial court found that, “I don’t think there’s any doubt that they’ve done that. They’ve possessed within visible bounds. They’ve maintained those boundaries and done so since the early ’60s, which means it’s been over 40 years.” The trial court noted that the Boudreauxs had cleared land to build a home, established utilities and services, lined the property with banana trees, built a cow pen, and built a catfish pond. The trial court further noted that when Kenneth Boudreaux tried to put his own trailer on the land possessed by Russell Bou-dreaux, “he [Russell] ran him off. He made him go put it somewhere else because he cleared the land. Let Kenneth go clear his own land.”
The trial court noted that Linda and Jimmy Andras had built a fence, established utilities, and raised horses, chickens, and ducks, and that Darlene Andras Har-relson had established a home, built a shed and trailer, and raised five kids on the property. The trial court noted that Darlene had fences on two sides of |aher property, with the front of the property bounded by the road and the back bounded by the ditch and levee. The trial court noted that there was no indication that she allowed anyone else to possess her property or come onto her land to establish that they were going to live there, too.
These facts fit squarely within the intent of article 1305 and may be distinguished from those cases where fanning, cutting wood, trapping crawfish, paying taxes and granting mineral leases on heir property was deemed insufficient to show adverse possession to co-owners. These general activities on co-owned property evidence enjoyment of same, not a claim to ownership. But those cases did not involve building homes with fences and expelling co-heirs who intruded. The record supports the factual findings of the trial court, which supposedly are to be viewed with deference. I am chagrined that the court of appeal’s cursory review and this court’s lack of interest may result in the loss of applicants’ homes when the law supports their position.